**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| O.E.O., | No. CV-25-02283-PHX-DWL (MTM) |
| Petitioner, | **ORDER** |
| v. | |
| Fred Figueroa, et al., | |
| Respondents. | |

The key disputed issue in this case is whether Petitioner O.E.O ("Petitioner") is a 15-year-old minor (as Petitioner contends) or whether Petitioner is over 18 years old and thus an adult (as various agencies have concluded, *see* Doc. 29-1 at 11-13). At the outset of this case, Petitioner—who is being ably represented by four attorneys from the Immigrant Defenders Law Center—filed two motions: (1) a motion for a temporary restraining order and preliminary injunction, which among other things sought an order compelling Respondents to transfer Petitioner out of the custody of the warden of the Eloy Detention Center (where he is currently being held by virtue of the agencies' determination that he is an adult) and into a less restrictive custody setting suitable for a child (Doc. 2); and (2) a motion for the appointment of E. Karina Ramos, another attorney from the Immigrant Defenders Law Center, as Petitioner's guardian ad litem ("GAL") in this matter (Doc. 3).

On July 9, 2025, following a hearing, the Court denied Petitioner's request for injunctive relief but deferred consideration of his request for appointment of a GAL. (Doc.

32.) This order addresses the GAL appointment request. That request is only one page long and is devoid of legal citations apart from a single citation to Rule 17(c)(2) of the Federal Rules of Civil Procedure. (Doc. 3.) The two-sentence portion of the government's response brief opposing the GAL appointment request is similarly terse. (Doc. 29 at 12-13.)

An initial complication posed by Petitioner's GAL appointment request is that it is contingent on Petitioner's claimed status as a minor, but whether Petitioner is a minor is the key disputed issue in this case. The parties' motion papers do not address how a request for GAL appointment should be handled in this unusual circumstance and the Court has not identified any relevant authority through its independent research. Additionally, at the conclusion of the July 9, 2025 hearing, the Court concluded that Petitioner was not entitled to preliminary injunctive relief based on his arbitrary-and-capricious challenge to the agencies' determination that he is an adult.

At any rate, Petitioner's GAL appointment request is governed by Rule 17(c), which is entitled "Minor or Incompetent Person." It provides:

> (1) With a Representative. The following representatives may sue or defend on behalf of a minor or an incompetent person:
>
>   (A) a general guardian;
>
>   (B) a committee;
>
>   (C) a conservator; or
>
>   (D) a like fiduciary.
>
> (2) Without a Representative. A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action.

*Id.*

The Ninth Circuit "read[s] Rule 17(c) to require a district court to take whatever measures it deems proper to protect an incompetent person during litigation." *Davis v. Walker*, 745 F.3d 1303, 1311 (9th Cir. 2014). "Although the court has broad discretion

and need not appoint a guardian ad litem if it determines the person is or can be otherwise adequately protected, it is under a legal obligation to consider whether the person is adequately protected." *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cnty., State of Wash.*, 795 F.2d 796, 805 (9th Cir. 1986). Having counsel is "likely . . . sufficient" to adequately protect the interests of such a person, and a determination that able representation by competent counsel is sufficient will "satisf[y] the court's obligations under Rule 17(c)." *Davis*, 745 F.3d at 1311. *Cf. Krain v. Smallwood*, 880 F.2d 1119, 1121 (9th Cir. 1989) ("[T]he court may find that the incompetent person's interests would be adequately protected by the appointment of a lawyer.").

Here, Petitioner is at least 15 years old and is being ably and vigorously represented by a team of attorneys from the Immigrant Defenders Law Center. It appears to the Court that those attorneys can sufficiently protect Petitioner's interests, making the appointment of a GAL unnecessary. *See, e.g., Mondelli v. Berkeley Heights Nursing & Rehabilitation Ctr.*, 1 F.4th 145, 151 n.8 (3d Cir. 2021) ("Sometimes, however, the appointment of counsel may be sufficient. If a district court concludes that counsel can sufficiently protect the interests of his incompetent client under Rule 17, then the court should make such a finding.") (citing *Krain*, 880 F.2d at 1121); *United States ex rel. K.E.R.G. v. Sec'y of Health & Hum. Servs.*, 638 F. App'x 154, 161 (3d Cir. 2016) (affirming district court's decision not to appoint GAL where lawyers "ably advocated" for minor in immigration and dependency proceedings); *Roberts v. Ohio Cas. Ins. Co.*, 256 F.2d 35, 39 (5th Cir. 1958) ("Rule 17(c) does not make the appointment of a guardian ad litem mandatory. If the court feels that the infant's interests are otherwise adequately represented and protected, a guardian ad litem need not be appointed. . . . We spell out the rule to mean: (1) as a matter of proper procedure, the court should usually appoint a guardian ad litem; (2) but the Court may, after weighing all the circumstances, issue such order as will protect the minor in lieu of appointment of a guardian ad litem; (3) and may even decide that such appointment is unnecessary, though only after the Court has considered the matter and made a judicial determination that the infant is protected without a guardian."); *Moe v. Dinkins*, 533 F.

Supp. 623, 627 (S.D.N.Y. 1981) (allowing minors to "proceed without the appointment of a guardian ad litem . . . since their interests in the litigation are adequately protected by representation by competent counsel"); 6A C. Wright & A. Miller, Federal Practice and Procedure § 1570 (3d ed. 2025) ("The appointment of a guardian ad litem when there is no representative is not mandatory. As stated in Rule 17(c)(2), the court also may issue any other order that it deems proper for the protection of the infant or incompetent and courts have done so.").

Indeed, it is notable that the proposed GAL here works at the same law firm as Petitioner's four counsel of record. The Court has been provided with no reason to believe that only the proposed GAL, but not the proposed GAL's four co-workers, can adequately represent all of Petitioner's interests.

Accordingly,

**IT IS ORDERED** that Petitioner's motion for appointment of a guardian ad litem (Doc. 3) is **denied without prejudice**.[1]

Dated this 16th day of July, 2025.

_____
Dominic W. Lanza
United States District Judge

---

[1] One reason why the request is being denied without prejudice is that it is possible, due to the terse and undeveloped nature of Petitioner's motion, that the Court overlooked some reason why a GAL appointment is necessary here. Thus, Petitioner is welcome to file another, better developed motion.