**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| O.E.O., | No. CV-25-02283-PHX-DWL (MTM) |
| Petitioner, | **ORDER** |
| v. | |
| Fred Figueroa, et al., | |
| Respondents. | |

On June 30, 2025, Petitioner O.E.O., who is currently confined in the Eloy Detention Center, filed a Complaint and Petition under 28 U.S.C. § 2241, alleging that he is a fifteen-year-old unaccompanied minor who is being detained as an adult at the Eloy Detention center and faces imminent expedited removal. (Doc. 1.)

On August 15, 2025, Respondents filed a motion for leave to file the administrative records prepared by ICE and ORR without redactions and under seal. (Doc. 40.) Respondents assert that because Petitioner "claims to be a minor," his name and date of birth must be redacted from the record, but because the records are lengthy—"[w]hile ICE's administrative record is under 150 pages, ORR's record is over 4300 pages"—"[t]rying to redact the administrative records for filing on the public docket is not possible given the time constraint." (*Id.*)

Rule 5.2(a) of the Federal Rules of Civil Procedure requires that certain information be redacted from most court filings, including minors' names, which must be replaced with initials, and birthdates (except for the year of birth). However, this redaction requirement

1  "does not apply" to certain filings, including "the record of an administrative or agency
2  proceeding." Fed. R. Civ. P. 5.2(b). Furthermore, because this is an immigration case,
3  public access to the administrative record (and many other filings on the docket) is
4  somewhat limited, as a member of the public cannot electronically access these filings
5  electronically and must physically visit the courthouse to view them. Nevertheless,
6  because this limitation does not entirely shield the documents from public view the way
7  that sealing would, the Court must consider Respondents' sealing request.

8  The public has a general right to inspect judicial records and documents, such that
9  a party seeking to seal a judicial record must overcome "a strong presumption in favor of
10 access." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). A
11 party seeking to shield judicial records and documents from public inspection must
12 "articulate compelling reasons supported by specific factual findings that outweigh the
13 general history of access and the public policies favoring disclosure . . . ." *Id.* at 1178-79
14 (internal quotation marks and citations omitted). The Court must then "conscientiously
15 balance the competing interests of the public and the party who seeks to keep certain
16 judicial records secret." *Id.* at 1179 (internal quotation marks omitted). "After considering
17 these interests, if the court decides to seal certain judicial records, it must base its decision
18 on a compelling reason and articulate the factual basis for its ruling, without relying on
19 hypothesis or conjecture." *Id.* (internal quotation marks omitted).

20 The "stringent" compelling reasons standard applies when the information sought
21 to be sealed is "more than tangentially related to the merits of a case." *Ctr. for Auto Safety*
22 *v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096, 1101 (9th Cir. 2016). "Because the
23 administrative record is more than tangentially related to the merits of the case, the Court
24 applies the compelling reasons standard." *D. G. by & through Goan v. Alpine Union Sch.*
25 *Dist.*, 2025 WL 622615, *1 (S.D. Cal. 2025).

26 Every motion to seal must identify the legal standard applicable to the document at
27 issue and explain why the material sought to be sealed meets that standard. LRCiv 5.6(b)
28 ("Any motion or stipulation to file a document under seal must set forth a clear statement

1    of the facts and legal authority justifying the filing of the document under seal.").
2    Respondents assert only that the inconvenience of redacting a voluminous record justifies
3    sealing the record in its entirety. However, as discussed above, administrative and agency
4    records are exempt from the redaction requirement of Rule 5.2.

5    　　　　Furthermore, notwithstanding the exemptions set forth in Rule 5.2, sealing
6    documents because they contain Petitioner's date of birth would make no sense within the
7    context of this action, where Petitioner's age is precisely what is at issue. Courts routinely
8    find that where a litigant puts his or her sensitive information at issue, that information
9    does not meet the sealing standard. *See, e.g.*, *Shapiro v. Hasbro Inc.*, 2016 WL 9137526,
10   *3 (C.D. Cal. 2016) ("Hasbro put these documents at issue in the litigation and thus fails
11   to [] make a particularized showing of compelling reason[s] to file these exhibits
12   under seal."); *B.F. v. Amazon.com, Inc.*, 2019 WL 4597492, *2 (W.D. Wash. 2019) ("By
13   bringing this lawsuit against Defendants, [Plaintiffs] have put [information sought to be
14   sealed] directly at issue, and cannot reasonably expect filings in this case not to include
15   details about [that information]."). So too, Petitioner's name—while not itself a matter of
16   dispute—is part of his basic identity, and to the extent the documents in the administrative
17   record bear on the dispute regarding his age, they can only do so to the extent they can be
18   linked to him, generally by including his name.

19   　　　　Furthermore, Respondents—who maintain that Petitioner is not a minor—have no
20   interest in sealing the documents.

21   　　　　On the other hand, Petitioner has been proceeding anonymously thus far in this
22   action. Although perhaps the chances are slim that a member of the public will take the
23   time to visit the courthouse to inspect the filings in this case that are protected from remote
24   access by Rule 5.2(c), such an event is possible and would undermine Petitioner's
25   anonymity. Before Petitioner's anonymity is compromised by unsealed filing of the
26   administrative record in unredacted form, Petitioner should have the opportunity to be
27   heard regarding whether the *Advanced Textile* factors favor anonymity. *See, e.g.*, *Doe v.*
28   *Kamehameha Sch./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042-46 (9th Cir. 2010)

(recognizing "the paramount importance of open courts" and affirming district court decision that minors may not proceed anonymously where "the public interest weighs against anonymity" and the other factors did not tip the balance).

Accordingly,

**IT IS ORDERED** that Respondents' motion to seal (Doc. 40) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that by **September 3, 2025**, Petitioner shall file either (1) a motion for leave to continue to proceed anonymously and a motion to seal the administrative record or (2) a notice of non-opposition to filing an unsealed and unredacted administrative record and non-opposition to proceeding under Petitioner's name.

**IT IS FURTHER ORDERED** that the administrative record shall remain lodged under seal in the meantime. This will not affect the briefing schedule and will not delay resolution of this action.

Dated this 19th day of August, 2025.

Dominic W. Lanza
United States District Judge