# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

O.E.O.,

Petitioner,

v.

Fred Figueroa, et al.,

Respondents.

No. CV-25-02283-PHX-DWL (MTM)

**ORDER**

It appears the only remaining disputed issue in this action is Petitioner's request to be transferred from ORR custody to the custody of a sponsor. (Doc. 1 at 30 ¶ 8.) In their most recent status report, Respondents contend that although ORR is taking steps to complete the transfer process, "ORR is not in a position to provide, with any type of certainty, a timeline to the Court for release because many factors outside Respondents' control will likely affect any such timeline, including the sponsor's cooperation with required procedures to ensure the safety and wellbeing of the child in releasing to the sponsor." (Doc. 93 at 2.) Petitioner strongly disputes this explanation, arguing that ORR has recently adopted various policies and practices intended to "impermissibly and needlessly pause or delay unifications"; that ORR will, in practice, only complete the transfer process after being threatened with legal action; and that all of the outstanding tasks that need to be completed in this case (*i.e.*, DNA testing and the home study) "are under ORR's control and depend on ORR's scheduling of them." (Doc. 95.) Petitioner thus "requests that this Court order [his] transfer to a facility within ImmDef's service area

or [his] prompt release to his sponsor, as required by the TVPRA." (*Id.* at 5.)

Although the Court is frustrated by the fact that Petitioner's transfer process still has not been completed, it cannot order the sort of coercive injunctive relief that Petitioner seeks via a one-sentence request in a status report. The Court previously ordered the parties to "meet and confer and then file a joint notice setting forth their positions as to whether a new scheduling order should be issued in light of the discussion in this order concerning the hybrid nature of [Petitioner's] pleading and the Court's determination that [Petitioner] may pursue the non-habeas claims asserted in his pleading, and if so, what form the new scheduling order should take." (Doc. 59 at 10.) However, it does not appear they ever filed such a joint notice. Instead, in a subsequent status report, Petitioner "request[ed] that this Court issue a new scheduling order so that Petitioner may seek a final judgment on his remaining claims." (Doc. 90 at 3.) The Court will therefore once again require the parties to meet and confer and then file a joint notice setting forth a proposed new scheduling order (or, if they cannot agree on a new scheduling order, setting forth each side's position). Additionally, if Petitioner wishes to pursue coercive injunctive relief related to his transfer request, he may file a written motion to that effect.

Dated this 25th day of March, 2026.

Dominic W. Lanza
United States District Judge

- 2 -